UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

LATASHA M. ZENO AND
DARRELL LEWIS, INDIVIDUALLY
AND ON BEHALF OF THEIR MINOR
CHILD, DESTINY LEWIS

VERSUS

SENTRY SELECT INSURANCE
COMPANY, STEWART TRANSPORTATION
COMPANY, INC. AND
LENDELL L. BRUMFIELD

CIVIL ACTION

NO. 18-519-JWD-EWD

**NOTICE AND ORDER**

On April 4, 2018, plaintiffs, Latasha M. Zeno and Darrell Lewis, individually and on behalf of their minor child, Destiny Lewis (collectively, "Plaintiffs") filed a Petition for Damages (the "Petition") against defendants, Sentry Select Insurance Company, Stewart Transportation Company, Inc., and Lendell L. Brumfield (collectively, "Defendants") for damages allegedly arising out of an April 5, 2017 automobile accident.[1]

Per the Petition, Plaintiffs allege that both Latasha Zeno and Destiny Lewis suffered, *inter alia*, past, present, and future physical pain and suffering, mental pain and suffering, loss of enjoyment of life, and medical expenses.[2] On May 3, 2018, Defendants removed this action pursuant to 28 U.S.C. § 1332.[3] Defendants contend that the amount in controversy in this action exceeds $75,000.00 exclusive of interest and costs based on Ms. Zeno's injuries and medical

---

[1] R. Doc. 1-6.

[2] R. Doc. 1-6, ¶¶ 12 & 13.

[3] Defendants assert that Plaintiffs are each Louisiana domiciliaries, that defendant Brumfield is a Mississippi domiciliary, that Stewart Transportation Company, Inc. is a Mississippi corporation with its principal place of business in Mississippi, and that Sentry Select Insurance Company is incorporated in Wisconsin with its principal place of business in Wisconsin. R. Doc. 1, ¶¶ 19-22.

1

expenses, as well as Plaintiffs' counsel's failure to execute an Irrevocable Stipulation of Damages.[4] Specifically, Defendants aver that Ms. Zeno "claims injury of her neck and low back," "has undergone two (2) lumbar spine epidural steroid injections," and "there are reported disc bulges and/or herniations."[5] Defendants assert that Ms. Zeno continues to treat for her injuries, and that she has incurred $18,510.70 in medical expenses thus far.[6] Additionally, Defendants contend that "[o]n May 2, 2018, plaintiff counsel, Brandon Stockstill, advised that because Latasha M. Zeno continues to obtain treatment from Dr. Kevin P. McCarthy, the *Irrevocable Stipulation of Damages* may not be executed by her as to her damage claims."[7]

Plaintiffs' counsel's communications (assuming the communications were written) are not attached to the Notice of Removal, and this court has previously explained that the failure to execute a stipulation is but one factor for the court to consider in its amount in controversy analysis.[8] Although Defendants contend that Ms. Zeno continues to treat, there is no additional information regarding the extent of such future or continued treatment, nor is there any indication that Ms. Zeno will require additional steroid injections or that a surgery recommendation has been made. There are no verified discovery responses (such as requests for admission) or pre-removal settlement demands. Based on the information asserted in the Notice of Removal, the court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically, whether the amount in controversy requirement has been met.

---

[4] *See*, R. Doc. 1, ¶¶ 8, 9, & 17.

[5] R. Doc. 1, ¶ 8.

[6] R. Doc. 1, ¶¶ 8-9.

[7] R. Doc. 1, ¶ 17.

[8] *See*, *Cole v. Mesilla Valley Transportation*, Civil Action No. 16-841, 2017 WL 1682561, at * 5 (M.D. La. March 14, 2017). Additionally, it is not entirely clear whether Plaintiffs' counsel's refusal to execute the stipulation is because Plaintiffs believe Ms. Zeno's damages exceed $75,000 or because Plaintiffs do not currently know the amount of Ms. Zeno's damages.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants, Sentry Select Insurance Company, Stewart Transportation Company, Inc., and Lendell L. Brumfield, shall file a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met, within ten (10) days of this Notice and Order.

**IT IS FURTHER ORDERED** that Plaintiffs shall file either: (1) a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met; or (2) a Motion to Remand within ten (10) days after the filing of the Defendants' memorandum regarding subject matter jurisdiction.

Signed in Baton Rouge, Louisiana, on May 30, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**